IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| CHRISTY DIEMOND,<br><br>               Appellant,<br><br>v.<br><br>KING COUNTY,<br><br>               Respondent. | No. 78474-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

ANDRUS, A.C.J. — Christy Diemond appeals a summary judgment order and an order denying her motion to amend that judgment. Because her claims are barred on procedural grounds, we affirm.

FACTS

In June 2014, Diemond sued King County for alleged violations of the Public Records Act (PRA), chapter 42.56 RCW.

In August 2017, the County moved for summary judgment arguing that it had completed a reasonable search for records responsive to Diemond's PRA requests. The County acknowledged that its response was untimely and proposed a statutory penalty up to $28,350. In response, Diemond argued for a $1,464,615 penalty and moved for an evidentiary hearing to dismiss the motion.

In November 2017, the trial court granted summary judgment and ruled that the County had completed a reasonable search for the requested records, that an evidentiary hearing was unnecessary, and that $74,140 was an

appropriate statutory penalty. The court entered judgment in favor of Diemond the same day.[1]

Diemond then filed a series of post-judgment motions, including: (1) a December 2017 CR 59 motion to reconsider and amend summary judgment, (2) a January 2018 CR 60 motion to vacate summary judgment, and (3) a March 2018 CR 59 motion for amendment of judgment.[2] The trial court denied all of these motions and entered its last denial order on May 25, 2018.[3]

On May 31, 2018, Diemond filed a notice of appeal seeking review of the November 2017 summary judgment order and the May 2018 order denying an amended judgment. A commissioner of this court ruled that the notice was untimely as to the November 2017 order and limited the scope of review to the May 2018 order.[4] Therefore, the scope of this appeal is limited to the trial court's denial of the March 2018 CR 59 motion for amendment of judgment.

## ANALYSIS

Diemond assigns error to the trial court's denial of her motion to amend judgment. We review a trial court's grant or denial of a CR 59 motion to amend judgment for abuse of discretion. Brundridge v. Fluor Fed. Svcs., Inc., 164 Wn.2d 432, 454, 191 P.3d 879 (2008). A court abuses its discretion when its

---

[1] The court later awarded Diemond $20,122.50 in attorney fees and $638.13 in costs.

[2] A common thread runs through all of Diemond's post-judgment motions. That thread is her complaint of a "diminutive award penalty" and request for a higher penalty.

[3] The trial court denied: the December 2017 CR 59 motion to reconsider and amend judgment on January 3, 2018; the January 2018 CR 60 motion to vacate summary judgment on February 22, 2018; and the March 2018 CR 59 motion for amendment of judgment on May 25, 2018.

[4] The commissioner ruled that the notice was also untimely as to the January 2018 CR 60 motion to vacate. To challenge the commissioner's rulings, Diemond was required to file a motion to modify that ruling under RAP 17.7(a). Because she failed to file a motion to modify, we decline to consider Diemond's appeal of these orders.

decision is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. Hizey v. Carpenter, 119 Wn.2d 251, 268, 830 P.2d 646 (1992).

In March 2018, Diemond filed a second motion to amend the November 2017 judgment. This motion was untimely. CR 59(h) (motion to alter or amend must be filed within 10 days after entry of judgment). The trial court did not abuse its discretion in denying Diemond's motion.[5]

Not having prevailed, we deny Diemond's claim for attorney fees on appeal.

We affirm the trial court's orders.

_Andrus, A.C.J._

WE CONCUR:

_____          _____

---

[5] While we agree with the trial court's finding that the motion did "not present grounds for the judgment to be amended," we affirm on other grounds. Nast v. Michels, 107 Wn.2d 300, 308, 730 P.2d 54 (1986) (a reviewing court may affirm a trial court result on any correct ground supported by the record, even if not considered by the trial court).